Good morning and welcome to the Ninth Circuit. I'm Judge Nelson and it's a pleasure to be with my colleagues Judge Fletcher and Judge Berzon. We want to welcome counsel here and everyone else who's here to see the arguments today. We ask that during arguments you please watch your time, just keep to the a lot of time frames. We have five cases set for arguments so not that you won't get any extra allotments but we'll probably be a little tighter than normal. But so try to just sum up your argument as your time is concluding and let us know if you want to reserve any time for argument and rebuttal. We'll go ahead and start into the argument calendar and we'll first hear argument in United States v. Carmen case number 22-35100. Argument in United States v. Carmen case number 22-35100. Good morning. Steve Hormel on behalf of Arvin Carmen. There's a single issue here today and that is whether or not trial counsel was ineffective or deficient in failing to object to the second element of instruction number seven on a count that charged a continuing criminal enterprise under 21 U.S.C. 848. And the flaw in I was going over this this morning and I know that I've referenced it a lot in my briefing but I think instruction number seven which is at ER 114 starts at ER 114. The first two elements of the instruction actually given by the judge is really the key to the issue in this case and that is because the first element that the judge instructed the jury on is that Mr. Carmen had to commit a continuing series of three or more narcotics violations. That is Mr. Carmen had to. Defendant Carmen committed one or more of the following narcotics transactions and it lists conspiracy, distribution of a controlled substance, possession with intent to distribute controlled substance, and use of a communication facility in furtherance of drug trafficking crimes. And then it lists you know what the jury has to be looking for that there has to be at least three specific occasions that he committed the violations and that he committed the violations that he committed each of the three violations beyond a reasonable doubt. I thought your argument was the difference between in concert with versus. But this is where the this is where the expansion of the second element comes because the first the first element is saying Mr. Carmen has to the jury has to find these three violations. And they did right? Well we don't know how they did and here's the reason why there's an issue here is because the second element which is correct the defendant committed the violations together with five or more persons that's a correct statement of law. The government does not have to prove all five or more of the other persons operated together at the same time or that Carmen even knew that. That's true but what what what is not a correct statement of law is that the government must prove beyond a reasonable doubt however that defendant Carmen and at least five or more other persons were part of an agreement. Right and and and the reason why that's important well so let's let's assume that that is important tell us why that gets you the result because you still have to show I mean that you can't take this out of isolation there were other provisions in the in the jury instructions that seem to limit the the negative impact even if that were an incorrect statement. So that was the position of the district court which is at page 11 of ER 1 that somehow the third element involving the organizer supervisor or other management position corrected that problem or somehow the jury verdict corrected that problem but that really doesn't it because if they found if the jury found the jury had to find that he was a manager or a participant in the in the crimes right based on the based on the the first part of the jury instruction. But therein lies the rub because this was a five and a half week trial the government threw out a shotgun effect involving conduct by a lot of people some of which Mr. Carmen was involved with and some of which weren't. The problem is that the jury could have found and was allowed to find that he distributed drugs by an agreement or that he possessed with intent to distribute because he was in an agreement with other people. That part of it is not in the special verdicts the special findings. What is in the special findings are the individual crimes and we the jury unanimously find beyond a reasonable doubt that he acted as an organizer supervisor or manager of the five or more persons with all of us agreeing as to the specific five more persons. Is your position that he could have been an organizer supervisor or manager but didn't didn't do the crimes together with them? No it's my position you don't you don't get to until you can resolve the the problem with the second element and the reason the second element is important the flaw in the second element is because when the jury is looking at I'll give a perfect example. This is my question. Okay. If the findings the special findings taken alone are they sufficient to convict him of the crime? If it was based on Carmen committing this these crimes either as a principal or as an aider and a better which the instruction number two. Well they found that he was the organizer supervisor or manager of five or more persons that's not sufficient. Well but if you if you allow them if you allow the jury to bypass the specific details. How about yes or no? I don't think so the way that the instruction it was drafted with number seven. Look I I think we're kind of all getting the the questions are trying to get you to focus on one thing which is you may have a technical argument that that portion of the jury instruction is wrong but it seems like there's two problems you have. Number one as Judge Berzon is reading you've got a special verdict form that says he was an organizer so it's hard to reconcile and I guess all this goes to was there prejudice? I mean there was overwhelming evidence at the end of the day that there was that he was there was overwhelming evidence that he was involved in activity with the others. So the problem that I believe instruction number seven has is is this the best example that I have is the possession with intent to distribute. Because they said there were three or more occasions when which Mr. Karman committed the crime of possession with intent to distribute. There are there's only two circumstances in the whole record in which Mr. Karman possessed drugs with intent to distribute and that was on conduct occurring after the CCE ended on February 28th. The government's trying to use those as part of the predicates but they are not part of the predicates because they occurred afterwards. So scouring the record for additional times that Mr. Karman or somebody that he was involved with possessed with intent to distribute on specific dates at specific times you can say he had agreements with a lot of people to do that but but find and dig in the record any specific date or time in which somebody that Arvin supervised, managed, or operated or even was involved with possessed with intent to distribute. Just to back up for a minute. Quantity of drugs there is none. To back up for a minute and just so I know what from where what opinion says that being part of an agreement is not sufficient? I mean the language is in concert. What's the language statutory language? What does the statute say? The statute says that for the purposes of this section a person is engaged in a continuing criminal enterprise if he violates any provision of the subchapter which is a felony of the controlled substance subchapter. Such violation is a part of continuing series of violations of the subchapter which are undertaken by such person in concert with five or more. So in concert usually does mean an agreement so why there there must be a case or something you're relying on to say that the agreement is not sufficient? Yeah Richardson. Well Richardson seems to say the opposite. No Richardson actually says exactly what I'm saying is that there has to be specific details that the jury finds on each of the elements of the crime and in this case the jury restricted one of the predicates to the single conspiracy charge in count two. So there had to be other predicate violations of the subchapter that Mr. Carman was involved with identifying specific times specific dates as Richardson instructs so that each of those elements can be fulfilled because each violation is an element. So this question has already been asked in one sense but I'll ask it again. Sure. So it has to be in concert with. Correct. So under third the jury said that he acted as an organizer supervisor or manager. Why does that not include in concert with? I'm just asking sort of ordinary English language. Because I think before we can resolve the question because I know you were on the panel of the direct appeal Judge Fletcher. So that's a good question. Well it's already been asked I'm repeating the question you already asked. But you have to if you take the elements you get through element one you go to element two. So when you get to element two there are times throughout this whole period where Arvind Carman is working with other people and doing things. I'm asking you a different question. Why does not the answer to question part three take care of the problem in part two? Because it has to be a continuing series done at a specific time. So there may be periods or certain times throughout this whole period where Mr. Carman told somebody. You're not responding to the question I'm asking. This is just a pure language question. You're saying that the jury was not asked to find that he acted in concert with and that's true. Those words do not appear anywhere in the jury instructions. But I'm asking you well when the jury was asked to find did he act as an organizer supervisor or manager does that not necessarily include having acted in concert with? It's just a language question. Well it could except where I'm asking why doesn't that have to? It's just a matter of language. It doesn't have to because. What's the difference in terms of between acting as an organizer supervisor or manager and that language in concert with? In concert with means you're working with other people. Being a supervisor manager is a level beyond just working with other people. So it means that you are the organizer. You have some sort of management position in the overall conduct of these three or more violations. So that's what concert means? No in concert means you're just working with people. The supervisory position is a position over and above that. Otherwise we just have a regular experience. Maybe the finer point and maybe we're just not going to get the answer we want. Okay. We'll give you a little bit of time. All right. How can you be an organizer and not work in concert with someone? I think that seems to be what we're struggling. So I think the question tells me that the formula is being backwards. But it doesn't matter. I mean I'm willing to give you that. Maybe it is an error. Maybe it's not. But let's assume that it's an error. You still have to show prejudice and given the special verdict I don't know how you can say the jury found that he was an organizer. I mean it seems like you have to come in and say there was no evidence that he was an organizer. That's concert. I just don't understand. So my argument is that the evidence isn't sufficient. Or that he was an organizer. No that the jury was allowed to convict him on two other predicates based on an agreement and that is contrary to the indictment in this case. That's contrary to the instructions in this case. They found just one conspiracy but they were allowed to find that if Arvind Karman went out and distributed drugs to somebody that he was part of an agreement. And so if he did that five times and he was part of it part of an agreement when they didn't have to specify what date what time and when that and when those occurrences were to have occurred. And I believe Richardson. That issue was the subject of the first appeal as to whether they had to find unanimously with regard to each of the crimes that he committed right. No it was the faulty jury instruction not requiring unanimity in the folks that were organized, supervised or otherwise managed. But isn't that what you're saying now? That there wasn't unanimity as to the particular crimes? Yes but the first issue on appeal was whether or not the jury instruction was sufficient on the supervisor organizer part not on the not on the violations the actual violations. So what exactly is your argument now? Is that it wasn't sufficient as to the individual violations or it wasn't or or this agreement issue? You seem to wander between the two. No the position is is that the jury was permitted to find the other substantive underlying offenses if there were if Carmen was operating as part of an agreement with others to to violate the controlled substance law. It's based on the substantive underlying agreements and not his connection to the other individuals. It's he was connected to other individuals when but I'm just saying that the jury wasn't required to find specific instances in which two of the other predicates were committed with by Carmen in concert as a principal or as an aider and a better because the jury had only found that he committed one of the predicates as a conspiracy. So there has to be two other underlying sensitive offenses and the jury instruction permitted the jury to bypass specifics and details and say well he was part of an agreement because everybody was out there distributing drugs and he was and he was doing it too. So it didn't require them to go into specifics so that's the reason why in my reply brief I that's the reason why in my reply brief I set out the phases of activity and much of which Carmen wasn't even involved with to show that that the shotgun approach by the government coupled with the faulty instruction deprived Mr. Carmen of a fair trial and I believe under a properly instructed uh jury with the facts as they were in this case in this trial that they they would have a reasonable doubt as to his guilt. Thank you. When you come back around can you show me where in Richardson it says what you said it can do it later because we'll we'll give you we'll give you some time for it. Yeah I've got it here and I'll I'll just yeah do it when I come back. We'll give you two minutes for rebuttal so thank you. We'll hear from the uh the government now. Uh good morning your honors David Herzog the United States uh and may it please the court. Uh the authority that the court is looking for is Rutledge the Supreme Court case in which the language uh this is 517 U.S. at 300 the plain meaning of the phrase in concert signifies mutual agreement in a common plan or enterprise. Well I know but I'm being told that says that agreement is not sufficient. Is it your position that this instruction was correct? Yes under Rutledge I think because the language is in concert with I think for two reasons both of which have been articulated by the court the government wins on the agreement language itself. First it's impossible to be an organizer or supervisor without acting in concert with. Second Rutledge itself says in concert signifies mutual agreement so despite saying that the that the agreement language is right it's not it's not wrong. Your honor to be frank I would prefer for it to say in concert with in the jury instruction but. Well it says together with in the first sentence. It does your honor and I think under the principle that the jury instructions are meant to fairly instruct on the law I don't see the level of daylight that my friend does between in concert with and agreement. There is no requirement anywhere of joint action but the jury also appears to have found out found that and I would submit that. Can I ask did the did the jury instruction said uh committed the violations together with or that's the model jury instruction? No that's uh if let me clarify your honor so instruction number seven says the defendant Carmen and at least five or more other persons and this is the language were part of an agreement or joint action that's within the jury instruction. Right right it's the model but the model I thought I the model jury instruction says committed the violations together with that I think that's correct your honor. Oh it does that was my question it is so the actual instruction says that okay okay pardon me um and then but it does say committed the violations so presumably it's the violations that they were just found he was just found to have committed. Yes your honor and I think that first sentence of after the word second the second element of that instruction I think makes the court's point committed the violations together with um and then doesn't that eliminate I mean he was found to have done those things not to have agreed to do those things but to have done them. Both your honor um if the court looks at the verdict form um he was found both to all ten to the first thing that he the first violation is the conspiracy. Right but the rest of them are not so in order to get to five you have to have four of them that are not just conspiracies. That is correct your honor and I would say so if you have five five of them that are not just conspiracies then he had to have actually done those not just agreed to have done them. One quick point your honor uh there's no language in the statute about what the number is rich uh since Richardson the number has been perceived to be three not five so three separate acts three separate violations and here the jury found not just the conspiracy as my friend suggests but also at least three of distribution possession with intent to distribute and use of a communications facility in furtherance of. I think those special findings when read uh in the language of the of the verdict that he committed those substantive violations right possession and uh use of a communication facility in furtherance of the cce that conspiracy can be one of them and it is it is the first one it is uh so so so the whole thing is accurate actually because it says either he was part of an agreement that would be the conspiracy or the joint action for the other ones because it says commit the violations so they had to be some of them had to be actual actions not just conspiracies. That's exactly right your honor and the jury the verdict form here I think does all of the does most of the work to fix whatever assuming there was a problem with the word agreement in instruction number seven the verdict makes it clear what the jury found. So would you would you rather that we say the jury instruction was just not error therefore he has no claim or would you rather that we avoid that question and say there's just no prejudice the the uh the special verdict form cures whatever error there might have been the former your honor I do think because Rutledge says that in concert with is meaningfully indistinguishable from agreement with there is no error in the first place then the verdict form and the other instructions the general unanimity and the rest of instruction seven um correct any error but all of that is far above the constitutional floor set by Strickland for defense counsel to have made the argument in the heat of the battle during a five-week trial when the defense was not there weren't three drug acts the defense was like Montalvo uh there I was not the supervisor right the alleged scattershot or shotgun approach when that's the defense I think we're asking too much under Strickland of defense counsel to to uh have to preserve or to make the argument to object to that instruction when the language of agreement is not disparate from in concert with and the verdict form fixes it so I would ask that the government's preferred uh ruling if the court's given the government a chance to weigh in would be there was no error the verdict form and instruction seven fix any error though there wasn't any and regardless there is no your position I guess on the first one I mean do we need a published opinion if we said it was not error or your position would be Rutledge already already decides that question to be clear Rutledge is a block burger analysis Rutledge is about double punishment but yes because the supreme court says that agreement and in concert with are for these purposes co-extensive then I think Rutledge solves it I don't think there's a need for published opinion on that basis um it couldn't be convicted the three crimes you could have one conspiracy but could you have three conspiracies uh yes I think that's I think that's correct your honor you'd have to have three disparate conspiracies here we have the conspiracy as one of the three element one of the three necessary violations and then at least nine distribution possession or telecommunications uh communication facility so we're way past the additional two that council would need to undermine to to have some finding on just efficient representation much less prejudice because of your honor's point about this the standard of strickland which is to say for this agreement language to have jumped off the page in such a way that it was deficient for council not to object to it we wouldn't be having this conversation today about agreement uh and in concert with I think the fact that Rutledge exists means that council wasn't deficient for failing to object to that council was taking a different approach which is a reasonable strategy which was there's a mountain of evidence of the drug crimes so try to attack the supervisory role and that's what the trial was and that defense was same as Montalvo where there wasn't even in Montalvo there wasn't even a Richardson instruction and that was harmless error so under for those reasons based on the plain language of the statute the in concert with agreement being the same as in concert with and the remainder of jury instruction seven and the verdict form I think the defense has too high a hill to climb to show that that trial counsel was constitutionally deficient for failing to raise it but it seems that because of the reference in second to the earlier list he has to have committed the violations the ones he's convicted of right some three of them one of them which was conspiracy um agreement wouldn't be enough for the ones that he actually himself committed how how would how would that work I think for my friend to be correct it could be both it could be some some could be agreements and some could be um actual joint actions with respect your honor I don't think that's true as to numbers two three and four the uh distribution possession with intent and uh communications facility because those aren't left blank because those are answered yes in the apply to those I think that's correct your honor I think that's correct so the agreement language would only apply to the conspiracy so basically what you have what it says or it means well for the crimes that are about agreements it's an agreement and for crimes that are about actions it's a joint action I think that's a fair reading of that jury instruction particularly where under Estelle you don't isolate and fly spec one particular part of a you know dozens of jury uh and verdict form the read in total because if it just said joint action it wouldn't necessarily reach the conspiracy which it should I think that's probably correct your honor um I will say I think the cleanest way to do this is to just leave in concert with in the jury instructions the way the statute is written or together with just leave that the second part of it I think your honor's right government that suggested the second part of it that's correct your honor that's correct we did um and I think the reason for that is um after a five and a half week trial the the lawyer I wasn't trial counsel but I understand that the reason they did that was in concert with is not really lay language that a jury is going to typically use together with why wasn't that good enough by itself I think it would have been your honor I think together with would have been and I will assure the court that from our office certainly we will be using that instruction going forward um without this uh language but I do think that the language itself agreement is captured by Rutledge and is not disparate from in concert with to the level that it would need to be to constitute um uh constitutionally ineffective representation um by counsel at trial uh if the court has no further questions I just want to quickly just address the Frady Massaro issue from the briefing the district court uh ruled under both Frady and Strickland and the government has to raise that argument or we waive it I certainly understand the defense's position that Massaro is a categorical exception that if you raise uh that you can raise a habeas claim even if you didn't didn't raise it below I would just note that Frady itself is a jury instruction uh claim where there's no further record development and so I think I thought it was a good faith argument to make under Frady but it seems based on today's argument that we all agree that Strickland is the analysis rather than Frady um and under the government's uh the government's position is that under Strickland the defense cannot show uh deficient representation or prejudice if I just make one more point about prejudice I think the defense would have to show to establish prejudice that if the word agreement were not in instruction seven this jury wouldn't have convicted and I do not think the record supports that and this is Montalvo where there is a mountain of evidence and the defense is not the drug crimes didn't happen but I wasn't the supervisor which is exactly what happened here even if there is Richardson error that error is harmless so even under the defense's theory the defense can't get to prejudice because of Montalvo and how it reads Richardson um so unless the court has further questions on that the government will submit okay okay yeah thank you thank you we'll have I'll give you two minutes for rebuttal thank you so the Richardson case 526 U.S. 813 involved a decision by the supreme supreme court whether the what's that I know what it involved I want to know what language you're okay it's at page 819 where it said the first of these considerations whether it's a means or an element likelihood that treating violations simply as an alternative means by permitting the jury to avoid discussions of the specific factual details of each violation what Richardson is signaling there I believe is that the the violation conduct has to be based on specific detail we know that the conspiracy was because I don't think there's any doubt that's why the conspiracy is not challenged but the other specific details of distributions for example distributions to hunker hunker was no more than a buyer seller so he's not in the hierarchy of folks that could be supervised what does that have to do with the agreement versus joint action question because the jury wasn't the jury didn't in its special finding did not specify whether they were finding these separate uh substantive violations because he was part of an agreement or by joint action and this and instruction number seven allowed them to find those special findings if he was in an agreement in Richardson that says that joint that an agreement that is not sufficient for in concert no but it does say there has to be of the jury has to decide on whether or not those each violation occurred in this case only one conspiracy could be considered by the jury and was considered so the next of the violations have to be substantive underlying violations jury instruction number seven allowed them to find those other underlying substantive violations if they were part of an agreement with if Carmen was part of an agreement with five or more other persons that I know it says or but it doesn't instruct the jury to say that the or belongs it says violations so we know that we're referring to the violations that were already found right so we're not and only one of them was an agreement that was my point there was evidence that Carmen distributed let's say at least three times to Brandon Werner but who was he in concert with since Brandon Werner was likely a buyer seller it allowed them to say well since everybody was in agreement they could sell pills in Spokane then he was definitely part of an agreement with five or more persons even though he did that individually on his own same goes with Daniel Hunka that's the problem so if you if we so that's the reason why Strickland requires a detailed comprehensive review of the record because a comprehensive review of the record doesn't show that Carmen acted in concert in any definite period of time with other persons that's a completely different argument than the one that you made in your briefs no no no it actually goes to the prejudice it's it is in my reply brief it goes to the prejudice and and we don't have to show that the that the verdict would have been different Strickland says that this is not a newly discovered evidence type test and it's not a Jackson versus Virginia test where you give the government the evidence most like you know favorable in most favorable light this is a test that says that if there's a deficient performance was that deficient performance reason was it reasonably probable that deficient performance affected or would have created a reasonable doubt to the jury and I think it would in this case especially in light of the entire record I think we have your argument and I appreciate both counsel for your arguments in this case the case is now thank you we'll move on to the second
judges: FLETCHER, BERZON, NELSON